IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARTNERS IN FUNDING INC., d/b/a } | | |
| FUNDS ADMINISTRATION SERVICES, } | | |
| } | | |
| Plaintiff } | | |
| } | | |
| v. } | CIVIL ACTION NO.  H-05-0729 | |
| } | | |
| QUEST CAPITAL RESOURCES, LLC, *et al.* } | | |
| } | | |
| Defendants } | | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Partners in Funding Inc.'s ("PIF's") motion to remand this case to the 281st Judicial District Court of Harris County, Texas (Doc. 16). Defendant William Leyton d/b/a Strategic Bancorp ("Leyton") filed a response in opposition (Doc. 20), and PIF has filed a reply (Doc. 23).  For the reasons explained below, the court ORDERS that PIF's motion to remand (Doc. 16) is GRANTED.

I.        Background and Relevant Facts

PIF filed its original petition in Texas state court on October 19, 2004.  PIF subsequently amended its petition to include nineteen non-resident defendants.  On January 31, 2004, PIF served the Texas Secretary of State with process.  The Texas Secretary of State mailed each defendant a copy of the summons and petition by certified mail on February 2, 2005.  One defendant, Andrew M Armstrong ("Armstrong"), signed the return receipt on February 4, 2005.  *See* Certification of Service (Doc. 16, Ex. A).  Other defendants, including Quest Capital Resources LLC, Quest Energy Capital LLC, Quest Management Group LLC, Ozark Mountain Holding LLC, Ozark Mountain Classics LLC, Ozark Mountain Interiors LLC, Indian Nation Energy Co Inc., Indian Nation Energy Inc., Indian Nation LLC, Chemquest Energy LLC, Quest Barrett LLC, Trailer World of America LLC, Pacific BanCorp (collectively the "Quest Defendants"), and Linda Martin

Consulting LLC, signed return receipts on February 5, 2005.  *Id*.  Two defendants, Clayton Smart and Stephen Smith, did not claim the certified process, but both defendants made a voluntary appearance with the other Quest Defendants.[1]   *See id*.  Strategic Bancorp and Leyton signed the return receipts on February 5, 2005.

On March 4, 2005, Leyton filed a notice of removal (Doc.  1), removing the case to this court on diversity grounds.  On March 22, 2005, the Quest Defendants joined the notice of removal (Doc.  13).  Armstrong and Linda Martin Consulting LLC have yet to make an appearance. On March 31, 2005, PIF filed a motion to remand (Doc.  16), arguing that Leyton failed to file, and the Quest Defendants failed to join, a notice of removal in a timely manner.[2]

II.          Legal Standard on Timely Removal Under § 1446(b)

A defendant who removes a case to federal court must do so "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"  28 U.S.C. § 1446(b).  In cases involving multiple defendants, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988); *see also Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379-381 (S.D. Tex. 2006) (explaining that the *Getty Oil* first-served rule is not accepted in all jurisdictions but remains the applicable standard in the Fifth Circuit).  At a minimum, this rule requires some timely filed written indication from each

---

[1] "Quest Defendants" will hereinafter refer to  Quest Capital Resources LLC, Quest Energy Capital LLC, Quest Management Group LLC, Ozark Mountain Holding LLC, Ozark Mountain Classics LLC, Ozark Mountain Interiors LLC, Indian Nation Energy Co Inc., Indian Nation Energy Inc., Indian Nation LLC, Chemquest Energy LLC, Quest Barrett LLC, Trailer World of America LLC,  Pacific BanCorp., Clayton Smart, and Stephen Smith.

[2] There has been some delay in resolving this issue due to a temporary stay in proceedings because of PIF's notice of bankruptcy.  *See* Notice (Doc. 34).  The stay was lifted by permission from the bankruptcy court and PIF's motion to remand was reinstated.  *See* Order Reopening Case (Doc. 41).  Since the case reopened, there has been some shuffling of attorneys, a scheduling order issued, and an unopposed motion for leave to file a cross claim and a third-party complaint by the Quest Defendants.  The court has not, however, made any substantive rulings.

served defendant within the removal period.  *See Gillis v.  La.*, 294 F.3d 755, 759 (5th Cir. 2002). Failure to properly and timely join all defendants may render removal improvident within the meaning of 28 U.S.C. § 1447(c), the remedy for which is to remand the case to state court.  *See Brown v.  Demco, Inc.*, 792 F.2d 478, 482 (5th Cir.  1986).

Nevertheless, "exceptional circumstances" might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. *Getty Oil*, 841 F.2d at 1263; *Brown*, 792 F.2d at 882.  Section 1446(b) is not inflexible, and equitable considerations factor into the determination on whether to find an exception to the 30-day limit on removal.  *See Tedford v.  Warner-Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003) (citing and explaining precedent, both in the Fifth Circuit and other jurisdictions, for the proposition that equitable exceptions apply in the context of Section 1446(b)).  The court notes, however, that equitable considerations should be tempered by the strong presumption against removal, and doubts regarding removal should be resolved in favor of remand to the state court.  *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.  2000).

III.	Analysis

This motion to remand hinges on the determination of (1) when the 30-day removal clock began ticking, and (2) whether an equitable exception should apply in this case to expand the 30-day window.  The court addresses each issue in turn.

PIF argues that the 30-day removal period began on January 31, 2005, the day it served the Texas Secretary of State (the statutory agent) with process. The court disagrees. The majority of courts addressing this issue hold mere delivery of process to the statutory agent is insufficient to trigger the removal time period; rather, the clock begins after the defendant receives actual notice of the service from the statutory agent.  *See Burton v. Continental Cas. Co.*, 431 F. Supp. 2d 651 (S.D. Miss. 2006) (holding that service on statutory agent insufficient to begin removal

period); *Hibernia Community Development Corp. v. U.S.E. Community Servs. Group, Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001) (removal period runs from time the named defendant actually receives the complaint, not from when statutory agent served); *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998) (same); *see also Barrackman v. Banister*, No. H-06-3622, 2007 U.S. Dist. LEXIS 4310, at *2-7 (S.D. Tex. Jan. 22, 2007) (discussing the reasoning behind this rule and its acceptance by the majority of jurisdictions). Construed in conjunction with the *Getty Oil* rule, the 30-day clock in a case with multiple defendants begins running from the earliest day one of the defendants receives actual notice of the petition or complaint. In this case, the earliest actual notice to a defendant was February 4, 2005, when Armstrong signed the return receipt and thereby acknowledged receipt of PIF's first amended petition. Therefore, the removal window began February 4, 2005 and ended thirty days later on March 6, 2005. Leyton filed his notice of removal on March 4, 2005, which is firmly within the removal window. Leyton's notice of removal is, thus, timely.

The Quest Defendants, however, did not join Leyton's notice of removal until March 22, 2005. This date is well outside the removal period. Moreover, Armstrong and Linda Martin Consulting LLC (collectively "Absent Defendants") have yet to make an appearance in the case, let alone file written consent to Leyton's notice of removal. According to the *Getty Oil* rule, all properly served defendants are required to either file their own notice of removal or join in the removing defendant's notice of removal *within the 30-day removal period*. Neither the Quest Defendants nor the Absent Defendants filed their own notices of removal or joined Leyton's notice of removal by March 6, 2005. As such, the notice of removal was defective, and the case must be remanded unless Defendants can demonstrate that exceptional circumstances prevented timely joinder.

No exceptional circumstances exist in this case. Leyton claims he relied on an informal agreement with Plaintiff's counsel regarding the extension of the deadline for filing pleadings to March 15, 2005, which he thought included an extension of the time to file a notice of removal. Assuming that such an extension applied, the Quest Defendants still did not join the notice until March 22, 2005, a week after the extension expired. In addition, Leyton argues that the Quest Defendants' consent to the removal was obtained prior to filing his motion to remand. *See* Declaration of Mark S. Finkelstein ("Finkelstein Dec.") at ¶ 2 (Doc. 20). This claim is directly contradicted by Leyton's notice of removal in which he states, "[w]ith respect to obtaining the consent for removal from the other defendants, however, [Leyton] ha[s] not yet had a reasonable opportunity to obtain such consents . . ." Notice of Removal at ¶ 6 (Doc. 1). Finally, Leyton argues that it would be manifestly unfair to require a removing defendant to obtain the consent of absent co-defendants. The court need not reach this argument because it is undisputed that the Quest Defendants did make an appearance and still failed to join in the notice of removal within the 30-day removal period. Failure to coordinate consent among co-defendants does not constitute extraordinary circumstances, and the general *Getty Oil* rule applies.

Nor is the court persuaded by Leyton's final argument that the claims against him are separate and independent from the claims against the other defendants such that the other defendants were not required to consent to removal. It is true that a defendant facing "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331" may remove a case to a district court and the court may adjudicate all claims against that defendant. 28 U.S.C. § 1441(c). However, section 1331 involves federal question jurisdiction, and Leyton has only pled diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal at ¶¶ 4-5 (Doc. 1). Therefore, Leyton cannot rely on a separate and independent federal claim that would permit removal without the consent of the other co-defendants in this cause of action. Leyton may have

timely filed the notice of removal, but his co-defendants failure to timely join binds Leyton to state court.

IV.        Conclusion

Because all the defendants did not timely consent to the removal of this case to federal court, the proper remedy is to remand the current action to the state court from which it was improperly removed. In its motion to remand, PIF also asks for its attorney's fees and costs incurred as a result of this removal. The court does not believe that the Defendants lacked an objectively reasonable basis for seeking removal, and this court exercises its discretion to decline PIF's request for fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Accordingly, it is hereby

**ORDERED** that Plaintiff PIF's motion to remand (Doc. 16) is **GRANTED**; and this action is **REMANDED** to the 281st Judicial District Court of Harris County, Texas; and it is further

**ORDERED** that each side bears its own costs in conjunction with this motion to remand.

SIGNED at Houston, Texas, this 8th day of February, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE